**15th JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE**
**STATE OF LOUISIANA**

DOCKET NO. <u>100826</u>                                                    DIV. "J"

**STATE OF LOUISIANA**
**VERSUS**
**PAUL J. FELIX**

FILED: _____              _____
                                                           **Deputy Clerk**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO CORRECT AN ILLEGAL SENTENCE**
**AND VACATE HABITUAL OFFENDER BILL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOW COMES,** defendant, Paul J. Felix, *pro-se*, who respectfully moves this Honorable Court pursuant to *La.C.Cr.P. Art. 882* on this Motion to Correct an Illegal Sentence and Vacate Habitual Offender Bill, for the following reasons to wit:

**JURISDICTION**

Jurisdiction is vested in this Honorable Court pursuant to Article 5, Section 16 of the Louisiana Constitution of 1974; *La.C.Cr.P. Art. 882*.

**PROCEDURAL HISTORY**

The State filed a bill of indictment under docket number 100,826 charging defendant, Paul Junius Felix, with one count of forcible rape, in violation of La. R.S. 14:42.1, and one count of aggravated incest with the same victim, in violation of La. R.S. 14:78.1. On November 18, 2003, defendant pled not guilty to both charges.

Following a bench trial conducted on June 21-22, 2004, the trial court found defendant guilty of both charges. On October 11, 2004, the trial court sentenced defendant to forty years at hard labor. On March 14, 2005, under docket number 103,337, the trial court found defendant to be a habitual offender, vacated defendant's forty-year sentence, and resentenced defendant to fifty years at hard labor without benefit of probation, parole, or suspension of sentence.

1

## HABITUAL OFFENDER PROCEEDINGS

The state alleged that the defendant was a habitual offender based on the following predicate conviction wherein the defendant pleaded guilty to simple robbery, a violation of R.S. 14:65 on February 4, 1988. The defendant received a two (2) year sentence of probation on this violation. February 4, 1988 began the start date for defendant's cleansing period, with February 4, 1993 being the ending date. This was due to a five (5) year cleansing period in effect at the time. Since the cleansing period wasn't changed until August 27, 1994, (see Acts 1994, 3rd Ex. Sess., No. 23, 1) the State was in error by using this conviction in their habitual offender proceedings against the defendant.

La. R.S. 15:529.1(C) was amended and reenacted by Acts 1994, 3rd Ex. Sess., No. 23, 1, to increase the time period between sentences from five years to seven years. This change became effective on August 27, 1994. In 1995, the statute was again amended to increase the time period to 10 years.

La. R.S. 15:529.1(C), the Habitual Offender Law, provides that the statute does not apply when more than five years has elapsed since the expiration of the maximum sentence, or sentences, of the previous convictions, or convictions, and the time of the commission of the last felony for which he has been convicted. The State has the burden of proving that five years has not elapsed between the defendant's release from custody on the prior offense and the new offense. State v. Franklin, 94-409 (La.App. 5th Cir. 12/14/94) 648 So.2d 962, writ denied, 95-0143 (La. 5/19/94) 654 So.2d 1354; State v. Brown, 598 So.2d 565 (La.App. 4th Cir. [Pg 4] 1992), writ denied, 605 So.2d 1092 (La. 1992); State v. Falgout, 575 So.2d 456 (La.App. 4th Cir. 1991).

Since the applicable habitual offender provisions are those in effect on the date the defendant committed the instant offenses. State v. Parker, 03-0924, p. 16 (La. 4/14/04), 871 So.2d 317, 326-2, lets now look at the defendant's violation of R.S. 40:967, possession with intent to distribute cocaine that the State also used.

The date of defendant's crime on this offense was June 7, 1994. Therefore, June 7, 1994 began the start date for defendant's cleansing period with the ending date being June 7, 2001, which was still five (5) years due to Acts 1994,

3rd Ex. Sess., No. 23, 1, not taking effect until August 27, 1994. With sound reasoning being applied, it's clear that the only way the State could use any other offense in defendant's habitual offender proceedings would be if another offense would have occurred before June 7, 2001.

Again, since the applicable habitual offender provisions are those in effect on the date the defendant committed the instant offenses. State v. Parker, 03-0924, p. 16 (La. 4/14/04), 871 So.2d 317, 326-2, lets now look at the defendant's violation of R.S. 14:42.1, forcible rape, and R.S. 14:89.1, aggravated incest.

In relation to the first bill of information in relation to the forcible rape and aggravated incest in docket number 98994, at that time frame, when that bill of information was filed, the date of offense was deemed to be September 1, 2000. This bill was later dismissed.

Now if you look at the bill of information in relation to the forcible rape and aggravated incest in the re-billed docket number 100826, the date of offense expanded from January 1, 1995 to December 31, 2001.

In regards to these predicate offenses and whether or not they're enhanceable, defendant's argument is in terms of the seven (7) year cleansing period in terms of the information that's on these bills of information. There is simply no specific date of offense and the State can't unequivocally give a date of offense that the forcible rape occurred. In terms of the dismissed docket number 98994, indeed the State stated that there was a particular date of offense, which was September 1, 2000, but that's not the bill of information they used.

Even if you go back to docket number 68080 on the possession with intent to distribute cocaine conviction, the defendant's probation was revoked in relation to that charge. Defendant feels that the State should have produced some sort of information in relation to his discharge date. Defendant feels that the offerings of the bill of information, the plea form, and the minutes were insufficient by their self alone.

According to the Louisiana courts, the State has the burden of proving that the cleansing period has not elapsed between the defendant's release from custody on the prior offense and the new offense. State v. Franklin, 94-409 (La.App. 5th Cir. 12/14/94) 648 So.2d 962, writ denied, 95-0143 (La. 5/19/94)

3

654 So.2d 1354; State v. Brown, 598 So.2d 565 (La.App. 4th Cir. [Pg 4] 1992), writ denied, 605 So.2d 1092 (La. 1992); State v. Falgout, 575 So.2d 456 (La.App. 4th Cir. 1991).

### DUE PROCESS VIOLATION

The defendant asserts that his sentence is illegal. A review of the record establishes that the habitual offender proceeding was constitutionally defective and violative of due process, therefore, the habitual offender finding and the sentence enhancement must be vacated.

In order for a defendant to be found a habitual offender, the state is required to prove the existence of a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. *State v. Nguyen, 04-321, p. 19 (La.App. 5 Cir. 9/28/04), 888 So.2d 900, 912, writ denied, 05-0220 (La. 4/29/05), 901 So.2d 1064.*

In addition, the state bears the burden of proving that the predicate convictions fall within the "cleansing period" prescribed by *La.R.S. 15:529.1(C)*. *State v. Metoyer, 612 So.2d 755, 758 (La.App. 5 Cir. 1992). See also: State v. Hollins, 99-278, p. 21 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 685, writ denied, 99-2853 (La. 1/5/01), 778 So.2d 587.*

This "cleansing period" begins to run from the date that a defendant is actually discharged from state custody and supervision. *State v. Thomas, 04-1341, p. 15 (La.App. 5 Cir. 5/31/05), 904 So.2d 896, 906, writ denied, 05-2002 (La. 2/17/06), 924 So.2d 1013; State v. Anderson, 349 So.2d 311, 314 (La. 1977).*

Thus, the commencement of the "cleansing period" is from the date of discharge from state supervision, because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation or good time credit, or it could take place later because of parole revocation. *State v. Humphrey, 96-838, pp. 13-14 [Pg 5] (La.App. 5 Cir. 4/29/97), 694 So.2d 1082, 1088, writ denied, 97-1461 (La. 11/7/97), 703 So.2d 35.*

In this case, the five (5) and the seven (7) year *"cleansing period"* has elapsed between the defendant's conviction on the predicate felony and his commission of the subsequent offense. Thus, the state was required to prove that

4

the underlying offense was committed within seven (7) years of the defendant's release from state custody for the predicate conviction.

The defendant has documents that show that he was sentenced on January 23, 1995 to serve five (5) years probation. There is nothing in the state's documentation that shows that the defendant was released past his state supervision in that case. There is no exact date that shows when defendant committed the alleged crimes of forcible rape and aggravated incest. The defendant did not raise the "cleansing" issue in the trial court due to depending on his hired attorney's experience as a seasoned trial counsel.

However, in *State v. Raymo, 419 So.2d 858, 861 (La. 1982),* the Supreme Court held that "because the state's case was devoid of evidence of an essential element of the charged offense. . . defendant's conviction and sentence must be set aside regardless of how the error is brought to the attention of the reviewing court."

## CONCLUSION

**WHEREFORE**, the defendant respectfully prays that after careful consideration of this motion, that this Honorable Court will grant him relief, vacate his illegal sentence and resentence defendant under a valid statute.

Respectfully submitted;

/S/
**Paul J. Felix # 183625**
**Dixon Correctional Institute**
**PO Box 788 Unit-2 CBB**
**Jackson, La. 70748**

## CERTIFICATE OF SERVICE

I, Paul J. Felix, hereby certify that I have served a copy of the above and foregoing Motion to Correct an Illegal Sentence and Vacate Habitual Offender Bill, on the District Attorney's Office for the Parish of Lafayette, by placing the same in the United States Mail, postage prepaid, on this **27th** day of **April, 2018**.

Paul J. Felix # 183625

5

15th JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

STATE OF LOUISIANA

**DOCKET NO. <u>100826</u>**                                                  **DIV. "<u>J</u>"**

STATE OF LOUISIANA

VERSUS

PAUL J. FELIX

**FILED:** _____                         _____
                                                                 **Deputy Clerk**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ORDER**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Considering the above motion:

**IT IS ORDERED** that the State of Louisiana do show cause on the ____day of _____, 2018, at ____ o'clock ____.m. why the Motion to Correct an Illegal Sentence and Vacate Habitual Offender Bill should not be granted.

**IT IS ORDERED** that the Clerk of Court issue a Writ of Habeas Corpus to Warden Jason Kent, at Dixon Correctional Institute, P.O. Box, 788, Jackson, La. 70748, to produce the body of **Paul J. Felix # 183625**, at the hearing in accordance.

**THIS DONE AND SIGNED** this ____day of _____, 2018.

_____
**JUDGE**

Please serve:
Paul J. Felix # 183625-DCI
District Attorney of Lafayette Parish
Court Reporter

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

NO: KH 18-00814

**Judgment rendered and mailed to all parties or counsel of record on December 26, 2018.**

STATE OF LOUISIANA
VERSUS
PAUL JUNIUS FELIX

FILED: 10/15/18

On application of Paul Junius Felix for Writ of Review in No. 100,826 on the docket of the Fifteenth Judicial District Court, Parish of Lafayette, Hon. Kristian Dennis Earles.

Pro se

Counsel for:
Paul Junius Felix

Hon. Keith A. Stutes

Counsel for:
State of Louisiana

Lake Charles, Louisiana, on December 26, 2018.

**WRIT DENIED**: Relator filed a writ application with this court seeking review of the trial court's August 20, 2018 ruling denying his "Motion to Correct Illegal Sentence and Vacate the Habitual Offender Bill" filed with the trial court on April 27, 2018. Relator titled his pleading filed with the trial court a motion to correct illegal sentence; however, it is the content of the pleading, rather than its caption, that determines its nature. *State ex rel. Daley v. State*, 97-2612 (La. 11/7/97), 703 So.2d 32. Therefore, because Relator has not alleged that his penalty falls outside the statutory sentencing range, Relator's motion was treated as an application for post-conviction relief. On March 2, 2018, the Louisiana Supreme Court held that unless Relator could show that one of the narrow exceptions authorizing the filing of a successive application applies, Relator has exhausted his right to collateral review in state court. *State v. Felix*, 16-2166 (La. 3/2/18), 237 So.3d 498 (per curiam). Relator's motion was not timely filed with the trial court. Additionally, Relator's motion failed to allege an exception to the time limitation set forth by La.Code Crim.P. art. 930.8. Furthermore, challenges to habitual offender adjudications are not cognizable on collateral review. Accordingly, Relator's writ application is denied.

_____
EAP

_____
JEC

_____
VHK

# SUPREME COURT OF LOUISIANA

**NUMBER:** _____

### STATE OF LOUISIANA

### VERSUS

### PAUL JUNIUS FELIX

**Application for Supervisory Review and/or Remedial Writs**
To the Third Circuit Court of Appeal, No. KH-18-00814
Fifteenth Judicial District Court, Docket No. 100,826
Parish of Lafayette
Honorable Hon. Kristian Dennis Earles
Judge Presiding

### ORIGINAL APPLICATION ON BEHALF OF

PAUL JUNIUS FELIX

RESPECTFULLY SUBMITTED:

PAUL JUNIUS FELIX #183625
DIXON CORRECTIONAL INSTITUTE
P.O. BOX 788 / U-2-D-12
JACKSON, LA 70748-0788
*In Proper-Person*

## TABLE OF CONTENTS

**PAGE**

Index of Exhibits……………………………………………………...2

Writ Granting Consideration……………………………………......3

Status of the Case…………………………………………………….4

Statement of the Facts………………………………………………..5

Statement of Jurisdiction……………………………………………..5

Issue Presented………………………………………………………..6

Assignment of Error…………………………………………………..6

Law and Argument……………………………………………………6

Prayer for Relief……………………………………………………..10

Certificate of Service………………………………………………...11

**Exhibits Attached:**

1) Motion to Correct Illegal Sentence & Vacate Habitual Offender

2) August 20, 2018 Motion Hearing Transcript

3) Writ Application to Third Circuit Court of Appeal

4) Third Circuit Court of Appeal Judgment

5) Motion to Correct Illegal Sentence filed on 3/22/2017

6) Court Minutes of August 20, 2018

7) Simple Robbery Minutes of February 4, 1988

8) Possession with Intent / Cocaine Minutes of June 7, 1994

9) Bill of Information

## WRIT GRANTING CONSIDERATION

The decision of the Court of Appeal in this case should be subject to this Honorable Supreme Court's Supervisory Authority, in accordance with Rule X of the Court's Rule, specifically:

X (1.)(a).4. **ERRONEOUS INTERPRETATION OR APPLICATION OF CONSTITUTION OR LAWS.** A Court of Appeal has erroneously interpreted or applied the constitution or a law of this State or the United States and the decision will cause material injustice or significantly affect the Public Interest.

The standard utilized conflicts with the decisions of the Supreme Court of Louisiana and the Supreme Court of the United States regarding the minimally required standard of review to be used in such proceedings. The erroneous application of this standard by the trial court and the appellate court has caused material injustice to the petitioner and significantly affects the public interest.

The Trial Court issued an

The Third Circuit Court of Appeal issued an erroneous ruling denying Mr. Felix's Writs Application seeking to have the trial court's decision reviewed.

The erroneous application of this standard by the trial court and the appellate court has caused a material injustice to Mr. Felix and significantly affects the public interest.

The decision of the Third Circuit Court of Appeal has so far departed from proper Judicial Proceedings and Sanctions such a departure as to call for an exercise of the Supreme Court's Authority.

3

However, the courts of appeals have a duty not to only review for, but to recognize and correct, constitutional level violations. The failure of the courts of appeal to do so should not be impugned to Mr. Felix.

**Rule X, Section 1(a) (5), Gross Departure From Proper Judicial Proceedings:** The Third Circuit Court of Appeal has sanctioned the gross departure from proper judicial proceedings and abuse of powers by the Criminal District Court. This Court should exercise its authority in the matter.

The standard utilized conflicts with the decisions rendered under Due Process and Equal Protection of the Law.

The erroneous application of this standard by the trial court has caused a material injustice to the defendant and significantly affects the public interest.

The trial court judge has erroneously applied the Laws of Louisiana and the United States, by denying the defendant's motion. The trial court's decision has caused a material injustice to the defendant.

If this Court lets the decision of the Third Circuit Court of Appeal stand, it will go against principles established by this Honorable Court to protect its citizens from unlawful incarcerations.

## STATUS OF THE CASE

On April 27, 2018, Mr. Felix filed a Motion to Correct Illegal Sentence and Vacate the Habitual Offender Bill.[1] A hearing was held on August 20, 2018.[2] The trial court thereafter denied the motion and let the sentence stand as is. On October 8th, 2018, a timey Application for Supervisory Writ of Review was filed with the Third Circuit Court of

---

[1] **See Exhibit 1-** Motion to Correct Illegal Sentence and Vacate Habitual Offender Bill (4-27-18).
[2] **See Exhibit 2-** August 20, 2018 Hearing Transcript on Motion to Correct Illegal Sentence.

Appeal.[3] The Writ was thereafter supplemented with the August 20, 2018 hearing transcript. The Circuit Court denied the application on December 26, 2018.[4] This Application for Supervisory Review and/or Remedial Writs to this Honorable Louisiana Supreme Court now timely follows.

## STATEMENT OF THE FACTS

On June 22, 2004, Mr. Felix was found guilty of *Forcible Rape R.S. 14:42.1* and *Aggravated Incest R.S. 14:78.1*. On October 11, 2004, the Appellant was sentenced to forty (40) years at hard labor to the Louisiana Department of Corrections on both charges. On March 14, 2005, the trial court found appellant to be a habitual offender, vacated his forty (40) year sentence, and resentenced him to fifty (50) years at hard labor without benefit of probation, parole, or suspension of sentence. Mr. Felix appealed the conviction and sentence to this Honorable Third Circuit Court of Appeal and on December 30, 2005, the Court affirmed the conviction and sentence.[5] Thereafter, the Louisiana Supreme Court denied further review.[6]

On March 22, 2017, Mr. Felix filed a Motion to Correct an Illegal Sentence.[7] After numerous delays, a hearing was held on this matter on October 24, 2017. The trial court resentenced Mr. Felix on said date, *HOWEVER*, it again erred when it imposed yet another illegal sentence.[8]

## STATEMENT OF JURISDICTION

The petitioner, Paul J. Felix, Jr., brings this Application for Writ of Supervisory Review with regards to the illegal sentence rendered in his criminal case on October 24, 2017. This Court has Jurisdiction pursuant to Article 5, Section 10 of the Louisiana Constitution of 1974.

---

[3] See Exhibit 3 – Writ Application to Third Circuit
[4] See Exhibit 4- August 20, 2018 Hearing Transcript
[5] State v. Felix, 918 So. 2d 577; 2005 La. 3 App. LEXIS 2693 (12.30.2005)
[6] Writ denied by State ex rel. Felix v. State, 942 So.2d 548, 2006 La. LEXIS 3325 (La. Nov. 22, 2006)
[7] See Exhibit 5 – Motion to Correct Illegal Sentence filed on March 22, 2017
[8] See Exhibit 6 - Court Minutes for August 20, 2018

5

## ISSUE PRESENTED

Did the trial court abuse its discretion in denying appellant's Motion to Correct Illegal Sentence and Vacate Habitual Offender Bill?

## ASSIGNMENT OF ERROR

The trial court abused its discretion in denying appellant's Motion to Correct Illegal Sentence and Vacate Habitual Offender Bill.

## LAW AND ARGUMENT

### A. Habitual Offender Proceedings

The state alleged that the defendant was a habitual offender based on the following predicate conviction wherein the defendant pleaded guilty to simple robbery, a violation of *R.S. 14:65* on February 4, 1988.[9] The defendant received a two (2) year sentence of probation on this violation. February 4, 1988 began the start date for defendant's cleansing period, with February 4, 1993 being the ending date. This was due to a five (5) year cleansing period in effect at the time. Since the cleansing period wasn't changed until August 27, 1994, (see Acts 1994, 3rd Ex. Sess., No. 23, 1) the State was in error by using this conviction in their habitual offender proceedings against the defendant.

*La. R.S. 15:529.1(C)* was amended and reenacted by Acts 1994, 3rd Ex. Session., No. 23, 1, to increase the time period between sentences from five years to seven years. This change became effective on August 27, 1994. In 1995, the statute was again amended to increase the time period to 10 years.

*La. R.S. 15:529.1(C),* the Habitual Offender Law, provides that the statute does not apply when more than five years has elapsed since the expiration of the maximum sentence, or sentences, of the previous

---

[9] **See Exhibit 7** - Docket Number 87-CR-54594, Lafayette Parish

convictions, or convictions, and the time of the commission of the last felony for which he has been convicted. The State has the burden of proving that five years has not elapsed between the defendant's release from custody on the prior offense and the new offense. *State v. Franklin*, 94-409 (La. App. 5th Cir. 12/14/94) 648 So.2d 962, writ denied, 95-0143 (La. 5/19/94) 654 So.2d 1354; *State v. Brown*, 598 So.2d 565 (La. App. 4th Cir. [Pg 4] 1992), writ denied, 605 So.2d 1092 (La. 1992); *State v. Falgout*, 575 So.2d 456 (La. App. 4th Cir. 1991).

Since the applicable habitual offender provisions are those in effect on the date the appellant committed the instant offenses. *State v. Parker*, 03-0924, p. 16 (La. 4/14/04), 871 So. 2d 317, 326-2, lets now look at the appellant's violation of *R.S. 40:967*, possession with intent to distribute cocaine that the State also used.

The date of defendant's crime on this offense was June 7, 1994.[10] Therefore, June 7, 1994 began the start date for appellant's cleansing period with the ending date being June 7, 2001, which was still five (5) years due to Acts 1994, 3rd Ex. Session., No. 23, 1, not taking effect until August 27, 1994. With sound reasoning being applied, it's clear that the only way the State could use any other offense in appellant's habitual offender proceedings would be if another offense would have occurred before June 7, 2001.

Again, since the applicable habitual offender provisions are those in effect on the date the appellant committed the instant offenses. *State v. Parker,* 03-0924, p. 16 (La. 4/14/04), 871 So. 2d 317, 326-2, lets now look at the appellant's violation of *R.S. 14:42.1*, forcible rape, and *R.S. 14:89.1*, aggravated incest.

---

[10] See Exhibit 8 - Docket Number 68080, Lafayette Parish

In relation to the first bill of information in relation to the forcible rape and aggravated incest in docket number 98994, at that time frame, when that bill of information was filed, the date of offense was deemed to be September 1, 2000. This bill was later dismissed.

Now if you look at the bill of information in relation to the forcible rape and aggravated incest in the re-billed docket number 100826,[11] the date of offense expanded from January 1, 1995 to December 31, 2001.

In regards to these predicate offenses and whether or not they're enhanceable, defendant's argument is in terms of the seven (7) year cleansing period in terms of the information that's on these bills of information. There is simply no specific date of offense and the State can't unequivocally give a date of offense that the forcible rape occurred. In terms of the dismissed docket number 98994, indeed the State stated that there was a particular date of offense, which was September 1, 2000, but that's not the bill of information they used.

Even if you go back to docket number 68080 on the possession with intent to distribute cocaine conviction, the defendant's probation was revoked in relation to that charge. Defendant feels that the State should have produced some sort of information in relation to his discharge date. Defendant feels that the offerings of the bill of information, the plea form, and the minutes were insufficient by their self alone.

According to the Louisiana courts, the State has the burden of proving that the cleansing period has not elapsed between the defendant's release from custody on the prior offense and the new offense. *State v. Franklin,* 94-409 (La.App. 5th Cir. 12/14/94) 648 So.2d 962, writ denied, 95-0143 (La. 5/19/94) 654 So.2d 1354; *State v. Brown,* 598 So.2d 565 (La.App. 4th

---

[11] See Exhibit 9- Bill of Information filed on _____

Cir. [Pg 4] 1992), writ denied, 605 So.2d 1092 (La. 1992); *State v. Falgout*, 575 So.2d 456 (La.App. 4th Cir. 1991).

**B.     Due Process Violation**

The appellant asserts that his sentence is illegal. A review of the record establishes that the habitual offender proceeding was constitutionally defective and violates due process, therefore, the habitual offender finding and the sentence enhancement must be vacated.

In order for a defendant to be found a habitual offender, the state is required to prove the existence of a prior felony conviction and that the appellant is the same person who was convicted of the prior felony. *State v. Nguyen*, 04-321, p. 19 (La. App. 5 Cir. 9/28/04), 888 So.2d 900, 912, writ denied, 05-0220 (La. 4/29/05), 901 So.2d 1064.

In addition, the state bears the burden of proving that the predicate convictions fall within the "cleansing period" prescribed by *La.R.S. 15:529.1(C)*. *State v. Metoyer*, 612 So.2d 755, 758 (La. App. 5 Cir. 1992). See also: *State v. Hollins*, 99-278, p. 21 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 685, writ denied, 99-2853 (La. 1/5/01), 778 So.2d 587.

This "cleansing period" begins to run from the date that a defendant is actually discharged from state custody and supervision. *State v. Thomas*, 04-1341, p. 15 (La.App. 5 Cir. 5/31/05), 904 So.2d 896, 906, writ denied, 05-2002 (La. 2/17/06), 924 So.2d 1013; *State v. Anderson*, 349 So.2d 311, 314 (La. 1977).

Thus, the commencement of the "cleansing period" is from the date of discharge from state supervision, because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation or good time credit, or it could take place later because of parole revocation. *State v. Humphrey*, 96-838, pp. 13-

9

14 [Pg 5] (La.App. 5 Cir. 4/29/97), 694 So.2d 1082, 1088, writ denied, 97-1461 (La. 11/7/97), 703 So.2d 35.

In this case, the five (5) and the seven (7) year *"cleansing period"* has elapsed between the appellant's conviction on the predicate felony and his commission of the subsequent offense. Thus, the state was required to prove that the underlying offense was committed within seven (7) years of the appellant's release from state custody for the predicate conviction.

Mr. Felix has documents that show that he was sentenced on January 23, 1995 to serve five (5) years probation. There is nothing in the state's documentation that shows that the defendant was released past his state supervision in that case. There is no exact date that shows when defendant committed the alleged crimes of forcible rape and aggravated incest. The defendant did not raise the "cleansing" issue in the trial court due to depending on his hired attorney's experience as a seasoned trial counsel.

However, in *State v. Raymo,* 419 So.2d 858, 861 (La. 1982), the Supreme Court held that "because the state's case was devoid of evidence of an essential element of the charged offense. . . defendant's conviction and sentence must be set aside regardless of how the error is brought to the attention of the reviewing court."

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Felix prays that this Court reverse the trial court's ruling denying his Motion to Correct and Vacate the Habitual Offender Bill, and prays that this Court remand back to said court for the correction of the sentence and habitual offender bill.

Respectfully submitted,

/s/
Paul Junius Felix #183625
Dixon Correctional Institute
P. O. Box 788 U-2 D-12
Jackson, LA 70748-0788
*Pro-Se Representation*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of the above and foregoing Instrument upon opposing counsel, by mailing a copy of the same to the 15th Judicial District Attorney through the U.S. Mail, postage prepaid, and to the Hon. Judge Earles, 15th Judicial District Court, at their courthouse office's on the 23rd day of January, 2019.

/s/
Paul Junius Felix #183625