UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PAUL JUNIUS FELIX #183625** | **CASE NO. 6:19-CV-01515 SEC P** |
| **VERSUS** | **JUDGE MICHAEL JUNEAU** |
| **JASON KENT** | **MAGISTRATE JUDGE WHITEHURST** |

## **REPORT AND RECOMMENDATION**

Pro se petitioner Paul Junius Felix ("Felix") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 25, 2019. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He attacks his 2004 conviction for forcible rape and aggravated incest, his adjudication as a habitual offender, and the sentence of 50 years at hard labor without benefit of probation, parole, or suspension of imposed by the Fifteenth Judicial District Court, Lafayette Parish. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred.

I.    **Background**

On November 6, 2003, the State filed a bill of indictment under docket number 100,826 charging Felix with one count of forcible rape, in violation of La.R.S. 14:42.1, and one count of aggravated incest with the same victim, in violation of La.R.S. 14:78.1. On November 18, 2003, Petitioner pled not guilty to both charges.

Following a bench trial conducted on June 21-22, 2004, Petitioner was found guilty of both charges. On October 11, 2004, the trial court sentenced him to forty years at hard labor. On March 14, 2005, under docket number 103,337, the trial court found Petitioner to be a habitual offender, vacated his forty-year sentence, and resentenced him to fifty years at hard labor without benefit of probation, parole, or suspension of sentence.

Felix filed a direct appeal in the Louisiana Third Circuit Court of Appeal, docket number KA05-637. *State v. Felix*, 05-637 (La.App. 3 Cir. 12/30/05), 918 So.2d 577. The appellate court first noted that the trial court found Felix guilty of forcible rape and aggravated incest but imposed only one sentence of forty years at hard labor and that the trial court did not state on which offense the sentence was being imposed. *Id*. at 584. Thus, the trial court imposed an indeterminate sentence, which the Third Circuit noted it would normally vacate and remand for re-sentencing. However, since the indeterminate sentence was vacated and a new sentence imposed after Felix was adjudicated a habitual offender, the Third Circuit

found that any errors with the original sentence were moot and presented nothing for the court to review. *Id.*

Felix raised the following issues on direct appeal: (1) insufficient evidence to prove beyond a reasonable doubt that he committed forcible rape; (2) improper venue; (3) trial court erred in transferring his case from one section to another; (4) trial court improperly sentenced him under one docket number when his bill of indictment bears a different docket number; (5) excessive sentence; and (6) insufficient evidence to adjudicate him a habitual offender. The Third Circuit denied Felix's appeal on December 30, 2005.

Petitioner filed an application for supervisory and/or remedial writs in the Louisiana Supreme Court. On November 22, 2006, the state's highest court, in docket number 2006-KH-1137, denied same. *State ex rel. Felix v. State*, 2006-1137 (La. 11/22/06); 942 So. 2d 548.

Sometime in 2012, Petitioner filed his first application for post-conviction relief, raising unknown issues, which was denied by the trial court. The Third Circuit, under docket number 12-770, denied his application for writs and the Louisiana Supreme Court, on February 23, 2013, under docket number 12-KH-2127, denied his application for supervisory and/or remedial writs. *State ex rel. Felix v. State*, 2012-2127 (La. 02/22/13), 108 So. 3d 765.

In 2016, Felix filed another post-conviction application, which the trial court denied as untimely. *See State v. Felix*, 2016-2166 (La. 03/02/18), 2018 La. LEXIS 621. The Third Circuit denied Petitioner's application for review, under docket number KW 16-404. *Id.* On March 2, 2018, the Louisiana Supreme Court denied Petitioner's application, holding: "Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189." *Id*.

Finally, on April 27, 2018, Petitioner filed a "Motion to Correct Illegal Sentence, asking the court to vacate his habitual offender bill. Doc. 5-1, pp. 105. According to Petitioner's application for review in the Third Circuit, the trial court, following a hearing, denied his motion on August 20, 2018. See Doc. 5-2, p. 11. Felix sought review in the Third Circuit, which ultimately held that while Petitioner's filing was titled a Motion to Correct Illegal Sentence, because he did not allege that his penalty fell outside of the statutory sentencing range, it was treated as a post-conviction application. Doc. 5-2, p. 7. Accordingly, because Petitioner's motion was not timely filed in the trial court, because he failed to allege an exception authorizing the filing of a successive application, and because challenges to habitual offender adjudications are not cognizable on collateral review, the Third Circuit denied his application on December 26, 2018. *Id*.

On October 2, 2019, the Louisiana Supreme Court denied Petitioner's writ application, holding that he had previously exhausted his right to state collateral review. *State v. Felix*, 2019-00220 (La. 10/1/19), 280 So.3d 164.

On November 25, 2019, Felix filed a petition for writ of habeas corpus in this Court. Doc. 1. On December 20, 2019, he filed an amended petition, on approved forms (doc. 5) and on January 6, 2020, his filing fee was received. Petitioner raises a single issue in this petition, that the trial court erred in denying his Motion to Correct Illegal Sentence and Vacate Habitual Offender Bill. Doc. 5, p. 5.

## II. Law and Analysis

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith*, 142 F.3d 832, 834, *citing Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, *citing Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation sua sponte. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Petitioner filed a direct appeal of his conviction and sentence in the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], 90 days following November 22, 2006, the date the Louisiana Supreme Court ruled on his direct appeal, or February 20, 2007. Under §2244(d)(1) petitioner had one year from that date, or until February 20, 2008, to file his federal habeas petition.

Section 2244(d)(2), however, tolls the limitation provision for filing a section 2254 petition during the pendency of certain state court proceedings:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6

28 U.S.C. § 2244(d)(2).

At issue is whether Felix ever had a properly filed application for State post-conviction review pending. While he was unable to submit a comprehensive catalog of his post-conviction filings in the state court, a review of his submissions as well as the published Louisiana jurisprudence, reveals that Felix filed multiple applications for post-conviction relief in the trial court following his conviction and sentence becoming final. However, the first application was not filed until 2012, approximately five years after Petitioner's conviction and sentence became final.

In 2016, the Louisiana Supreme Court denied a subsequent application for writs, this time relying on La. C.Cr. P. art. 930.8, indicating that the application was untimely. *State v. Felix*, 2016-2166 (La. 03/02/18), 2018 La. LEXIS 621. The Louisiana Supreme Court denied petitioner's application for writs on the issue relevant to the petition at hand on October 1, 2019, holding that Petitioner had exhausted his right to state collateral review. *State v. Felix*, 2019-00220 (La. 10/1/19), 280 So.3d 164.

A state habeas petition dismissed on procedural grounds is not "properly filed" within the purview of § 2244(d)(1)(D) and does not toll the limitations period. 28 U.S.C. § 2244(d)(1)(D); *Artuz v. Bennett,* 531 U. S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Wickware v. Thaler*, 404 Fed. Appx.

7

856, 858-59 (5th Cir. 2010) ("[N]either an improperly filed state habeas petition nor a state habeas petition filed outside the limitations period has any effect on the one-year time-bar.").

The Fifth Circuit has held that a state habeas application filed after the limitations period expires does not toll the time for filing a federal habeas application. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) ("state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). Accordingly, Petitioner's state habeas application filed in 2012 did not toll the time for filing because it was filed after the limitations period expired. Thus, Petitioner's federal application is untimely as the limitations period expired prior to the filing of the 2012 application for post-conviction relief. Therefore, the record does not show Felix is entitled to statutory tolling.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays

8

of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

Felix does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled, nor has he asserted that he was prevented in some extraordinary way from asserting his rights. Accordingly, Felix's claims cannot provide the rare and exceptional circumstances for tolling the limitations period applicable to such petitions and his petition must be dismissed as untimely.

### III. Conclusion and Recommendation

Based on the forgoing, **IT IS RECOMMENDED** that this petition for habeas corpus be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

9

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 19th day of February, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE